## ATWELL CURTIS V. THE STATE.

No. 23537. Delivered January 8, 1947.
Rehearing Denied February 19, 1947.

*John Davenport,* of Wichita Falls, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

Appellant was convicted, as a second offender, of the crime of robbery by assault and his punishment assessed at imprisonment for life in the State penitentiary.

The record is before us without a statement of the facts, in the absence of which we are unable to appraise the bill of exception presented.

No error appearing, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant insists that his Bill of Exception No. 1, being the only one, is understandable without the presence of a statement of facts. Possibly that may be correct. However, we find from the court's qualification of the bill that appellant, during the trial of his case, became ill; that the trial was halted and a physician was summoned, who treated the appellant. The physician then informed the court that appellant had suffered an epileptic attack and that it would be three hours before he would be in a condition to proceed with the trial. Thereupon the judge adjourned court until the following morning at nine o'clock. When the court convened the following morning, appellant appeared therein and sat with his attorney until the arguments had been closed, apparently in as good a condition as he was prior to such attack. At no time was any testimony offered that he was not able to proceed with the trial on May 29, 1946. This attack took place at about 3:30 or 4:00 o'clock, P. M., on May 28, 1946, at which time the trial of this cause was passed until the next morning. A motion to declare a mistrial was filed after the conclusion of the testimony, whereupon the same was postponed until the following morning, and the failure of the trial court to grant such mistrial is the basis of this bill.

We see no error shown in said bill, and the motion will therefore be overruled.